# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMIE CALMESE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>STEVE LARKINS, )<br>)<br>Respondent. ) | Case number 4:09cv1100 TCM |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 action is before the Court on the request of petitioner, Jamie Calmese, for a stay of the proceedings until his Motion to Reopen 29.15 proceedings is ruled in Calmese v. State, No. 0622-CC07255, pending in the Circuit Court for the City of St. Louis, State of Missouri. The basis for the state court motion is the abandonment of counsel.

Petitioner raises twelve grounds for relief in his § 2254 petition. Respondent argues that all but two are procedurally barred by Petitioner's failure to raise them on direct appeal, in his post-conviction motion, or in his post-conviction appeal and that all are without merit.

The United States Supreme Court held in **Rhines v. Weber**, 544 U.S. 269, 276 (2005), that a district court has the discretion to stay a § 2254 petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." **Id.** at 277. And, if good cause is shown, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." **Id.** Also relevant is whether there is a state court remedy for the unexhausted claims. See **Armstrong v. Iowa**, 418 F.3d 924, 926 (8th Cir. 2005).

The Missouri Supreme Court held in **Crenshaw v. State**, 266 S.W.3d 257 (Mo. 2008) (en banc), that a court may entertain a motion to reopen post-conviction proceedings on the basis of abandonment and, if the court so finds, put the movant "in the place where the movant would have been if the abandonment had not occurred." **Id.** at 259. In the case before it, counsel had not filed a notice of appeal from the denial of the defendant's post-conviction motion. **Id.** The court noted that abandonment has generally been found when post-conviction counsel does not file an amended motion or does so untimely. **Id.**

In the instant case, Petitioner's appointed counsel filed an amended post-conviction motion; his counsel filed a timely notice of appeal. Moreover, Respondent argues that the pending § 2254 claims are all without merit.

Given the posture of the state court post-conviction proceedings and Respondent's addressing the merits of all Petitioner's claims, the Court declines to grant Petitioner a stay at this time. Petitioner is to promptly advise the Court of the motion court's ruling on his motion to reopen his post-conviction proceedings. If the motion court does reopen the proceedings, Petitioner may reassert his request for a stay.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's motion to stay proceedings is **DENIED** without prejudice. [Doc. 7]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2009.